# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action Number 1:20-cv-02834

Lesley J Perceval,
      Plaintiff,

v.

Experian Information Solutions, Inc;
Equifax Information Services, LLC;
Trans Union, LLC,
      Defendants.

---

## COMPLAINT

---

1. Plaintiff Lesley J Perceval is an individual consumer who resides in Westminster, CO.

2. Defendant Experian Information Solutions, Inc ("Experian") is a corporation, located at 475 Anton Boulevard, Cost Mesa, CA 92626.

3. Defendant TransUnion, LLC ("Trans Union") is a limited liability company, located at 555 W Adams St, Chicago, IL 60661.

4. Defendant Equifax Information Services, LLC ("Equifax") is a limited liability company, located at 1550 Peachtree St NW, Atlanta, GA 30309.

5. In November 2019, Plaintiff filed a Chapter 7 bankruptcy case, and received a discharge order.

6. Prior to filing bankruptcy, Plaintiff incurred a debt with Conn's Appliances, Inc. ("Conn's).

7. The Conn's account was discharged in Plaintiff's bankruptcy case.

8. All three Defendants' policies require that whenever an account is discharged in bankruptcy, the account shall be updated to reflect a $0 balance, and the status shall say 'discharged in bankruptcy.'

9. All three Defendants were inaccurately and incorrectly reporting the Conn's account as having a balance of $2,713, and reflecting the status as 'past due' and 'charged off', which was inaccurate as it should have reflected a $0 balance and discharged in bankruptcy status.

10. All three Defendants had actual knowledge of Plaintiff's bankruptcy filing as they were reporting it in the public records section of the report, and all the other accounts properly reflected the bankruptcy status.

11. Indeed, each Defendant has computer systems in place to block furnishers from reporting a balance on a discharged debt – in theory at least, when a furnisher such as Conn's reports a balance to one of the Defendants on a discharged debt, the Defendants' computers are supposed to automatically block and prevent the information from being reported.  However, the Defendants did not follow their own policies in this respect, and inaccurately reported the discharged Conn's account with a balance owed.

12. The Defendants recently settled a class action on this exact issue called *Hernandez v. Experian et al*, whereby the Defendants agreed to stop doing this to people and to change their ways.

13. In or around July 2020, Plaintiff disputed the inaccurate Conn's account with Experian, but Experian refused to change the false information and responded to Plaintiff that it had 'verified' the information.

## COUNT I, FAIR CREDIT REPORTING ACT (FCRA)

14. Plaintiff re-alleges and incorporates the above allegations as if fully set out herein.

15. Experian negligently and willfully violated 15 U.S.C. 1681i by failing to perform a reasonable reinvestigation into Plaintiff's disputes of the Conn's account, including failing to forward all relevant information to the furnisher, failing to review and consider the fact that its own computer system had failed, failing to review and consider that it had promised to stop doing this to people in the *Hernandez* class action case, and failing to consider its own internal scorecard of Conn's, which indicates that Conn's is not a reliable source of information and internally considered one of the worst furnishers out there.

16. Trans Union and Equifax negligently and willfully violated 15 U.S.C. 1681e(b) by failing to follow reasonable procedures to ensure maximum possible accuracy of the information in Plaintiff's consumer reports.

17. On or around August 31, 2020, Equifax sold a false consumer report about Plaintiff to Discover, which included the inaccurate Conn's account, and an inaccurate credit score, which was negatively impacted by the Conn's false reporting.

18. On or around July 13, 2020, Trans Union sold a false consumer report about Plaintiff to Synchrony Bank, which included the inaccurate Conn's account, and an inaccurate credit score, which was negatively impacted by the Conn's false reporting.

19. Defendants' violations of the FCRA caused Plaintiff actual damages to be determined at trial, including harm to credit score, frustration, stress, and inconvenience.

WHEREFORE, Plaintiff prays for the following relief:

a.  Actual damages to be determined at trial;
b.  Punitive damages to be determined at trial;
c.  Reasonable attorney fees and costs;
d.  For such other relief as may be proper.

s/ Matthew R. Osborne
11178 Huron St., Ste 7
Northglenn, CO 80234
(303) 759-7018
matt@mrosbornelawpc.com

*Attorney for Plaintiff*

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**